(Rev. 01/21) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
for the
## Western District of New York

FILED
MAY 6 _ 2021
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

Keith Wilson

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

Julie Wolcott, "see attached:

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. __20-cv-01416 (LJV)__
*(to be filled in by the Clerk's Office)*

**JURY TRIAL**: Yes ✓ No ___

AMENDED

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

See Attached:

S. Andino;

Anthony Olles;

Sargeant Patti;

John Ferraioli,

        Defendants,

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

KEITH WILSON,

    PLAINTIFF,

v.

JULIE WOLCOTT;

ANTHONY OLLES;

S. ANDINO;

SARGEANT PATTI;

JOHN FERRAIOLI,

    DEFENDANT(s),

TITLE 42 U.S.C. §§ 1983, 1985, AMENDED COMPLAINT

20-cv-01416 (LJV)

Jury Trial Demanded

---

## AMENDED COMPLAINT

Plaintiff, Keith Wilson, jris et de jure, appearing in propria persona, alleges as follows:

### INTRODUCTION

1. This is an amended complaint for compensatory and punitive damages for violations of Plaintiff's civil rights under Title 42 U.S.C. §§ 1983, 1985(3), and under the Fourth and Fourteenth Amendments of the Federal Constitution; UNLAWFUL CONFINEMENT under 42 U.S.C. §§ 1983, 1985(3); PRIMA FACIE TORT under 42 U.S.C. §§ 1983, 1985(3); DEPRIVATION OF STATE CONSTITUTIONAL RIGHTS, INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, VIOLATION OF STATE CIVIL RIGHTS under supplemental jurisdiction pursuant to Title 28

U.S.C. § 1367(a).

## JURISDICTION AND VENUE

2. This court has competent jurisdiction over the instant action pursuant to Title 28 U.S.C. §§ 1331, 1343(3)(4).

3. The venue over the controversy duly lies within the Western District since the occurrence of the facts and claims herein did accrue at Orleans Correctional Facility (hereafter OCF), County of Orleans, and State of New York.

## PARTIES

4. Plaintiff, Keith Wilson (hereafter plaintiff), is now, and at all times relevant to this complaint imprisoned in the care and custody of Department of Corrections and Community Supervision (hereafter DOCCS), Acting Commissioner Anthony J. Annucci, and its officers and employees;

5. From the time of the allegations of facts occurrence herein, the plaintiff was imprisoned in the care and custody of DOCCS Acting Commissioner who appointed his duties of care and custody to the Defendant Julie Wolcott (hereafter Wolcott) of OCF.

6. Upon information and belief Defendant Wolcott, is now, and at all time mentioned within this complaint the Superintendent of OCF.

7. From the time the allegations of facts occurrence herein the plaintiff was imprisoned to the care and custody of Wolcott, who assigned her duties of care and custody, as well as discipline of plaintiff to DOCCS subordinates and purported prison guards i.e. Defendants S. Andino (hereafter Andino), Anthony Olles (hereafter Olles, Sargeant Patti (hereafter Patti), John Ferraioli (hereafter

Ferraioli).

8. Plaintiff is informed and believes, Defendant Andino, is now, and at all times mentioned within this complaint is a "Sargeant" at OCF.

9. Plaintiff is informed and believes, Defendant Olles, is now, and at all times mentioned within this complaint is a "Lieutenant" at OCF.

10. Plaintiff is informed and believes, Defendant Patti, is now, and at all times mentioned within this complaint is a "Sargeant" at OCF.

11. Plaintiff is informed and believes, Defendant Ferraioli, is now, and at all times mentioned within this complaint is a "Sargeant" at OCF.

12. Plaintiff is informed and believes each defendant did fail to take, subscribe and file their respective "Oaths of Office" and "Official Bond or Undertaking" within the New York Department of State as is required and mandatory pursuant to Public Officers Law §§ 10, 11; Civil Service Law § 62; New York Constitution Article 13 § 1; United States Constitution Article VI, clause three.

13. Plaintiff is informed and believes that each defendant during the course of their employment under DOCCS, is now, and at all times mentioned within this complaint acting jointly and severally without an OFFICIAL CAPACITY.

14. Plaintiff is informed and believes that each defendant, is now, amd at all times mentioned within this complaint acting jointly and severally in an INDIVIDUAL CAPACITY.

15. Plaintiff is informed and believes that each defendant did act without the cloak of the color of state law.

16. This is an amended complaint brought under Title 42 U.S.C. §§ 1983, 1985(3).

## IRREBUTABLE STATEMENT OF FACTS

17. On April 20, 2020, at approximatley 7:00p.m.. plaintiff was using the phone at OCF in dorm and inmate housing unit B-1.

18. Plaintiff was wrongfully confronted by an OCF correction officer who ordered the plaintiff to hang up the phone.

19. Plaintiff promptly complied with the officer's demands.

20. Plaintiff was taken to an undisclosed location and pat-frisked by said correction officer in the presence and at the behest of Ferraioli.

21. Plaintiff was then seized of his person by Ferraioli and the correction officer and placed in mechanical restraints without plaintiff's consent and unlawfully taken to the small Special Housing Unit "SHU" within OCF by Ferraioli.

22. Ferraioli did not interview the plaintiff or even explain why plaintiff was being immediately restrained and kept locked in the small SHU.

23. On April 21, 2020, at approximately 9:05a.m., Correction Officer Miller did serve plaintiff with a "Tier Three Misbehavior Report."

24. The misbehavior report was authored by Andino and wrongly and falsely accused plaintiff of violating DOCCS Inmate Rulebook, rule Numbers: 121.21 [Phone Program], 120.10 [Threats], 104.11 [Violent Conduct], 103.10 [Brbery and Extortion].

25. Plaintiff is informed and believes that under Title 7 New York

Codes, Rules and Regulations "NYCRR," Chpt. V, Part 254, a tier three violations mandate that a Superintendent's be commenced against the plaintiff.

26. Under Chapter V section 254.4, the plaintiff is entitled upon request to an Inmate Assistant to assist the plaintiff in the preparation of his defense of the tier three misbehavior report.

27. Plaintiff was assigned as an Inmate Assistant whose mandatory duties under Chapter V section 254.4 and section 251-4.2, is to speak with plaintiff, explain the charges, interview witnesses and to report rhe results of his efforts to plaintiff. These duties further entail assisting the plaintiff in obtaining documentary evidence or written statements, and possibly to be present at the hearing.

28. Plaintiff requested an assistant and was assigned Patti.

29. Plaintiff requested that defendant Patti retrieve all material evidence (inculpatory and exculpatory) i.e. specifically all To/Froms, Unusual Incident Reports "UI's", and other pertinent documents.

30. Specifially, all written and audio recorded and written statements made to Ferraioli and Andino by any confidential informants as the same was duly memorialized within the misbehavior report against plaintiff.

31. Patti refused his duty to plaintiff and summarily denied to assist plaintiff in the preparation of his defense.

32. Plaintiff is informed and believes that Chapter V section 254.1 Wolcott is only authorized to appoint an employee is a deputy

superintendent, captain, or who holds a title that has been approved by Central Office to conduct the proceeding against plaintiff.

33. Wolcott did depart from the interests of DOCCS and did fail in this mandatory duty with the appointment of Olles, "Lieutenant."

34. On April 22, 2020, at or around 1:17p.m., Olles did wrongfully and without authority of Central Office commence the Superintendent's hearing against Plaintiff.

35. Plaintiff did, although this is not a requirement under Chapter V, section 254.6 enter pleas of not guilty to the four alleged inmate rule violations.

36. During the course of the hearing Olles departed from Chapter V Part 254 and did refuse to rely on any "substantial evidence" to support his findings of the plaintiff's commission of the rule violations.

37. Olles merely and unlawfully violated plaintiff's procedural due process rights by relying on the false written report of Andino, the false verbal testimony of Andino, the false verbal testimony of Ferraioli, and the "ghost" confidential informants and documentary evidence that was [submitted] in to the record.

38. The fact of the matter is that Olles only relied upon the testimony and documentation of his fellow co-workers Andino and Ferraioli.

39. Olles knew or should have known that Andino and Ferraioli was supplying false documents and testimony.

40. Specifically, plaintiff is informed and believes that DOCCS Employees Manual strictly forbids any employee from supplying false

statements and records, see DOCCS Employee Manual rule 3.4.

41. Upon the record of the unauthorized superintendent's hearing Ferraioli and Andino did give false records and testimony to cause plaintiff to be found guilty of (3) charges contained within the false misbehavior report.

42 On May 5, 2020, at approximately 12:35p.m., Olles did wrongfully and without authority find plaintiff guilty of Inmate Rulebook violations i.e. 103.10 [Bribery and Extortion], 120.10 [Threats], and 121.21 [Phone Program Violation].

43. Olles even supplies a written statement of the evidence relied upon as follows: "The written report of Sgt. Andino; The verbal testimony of Sgt. Andino; The verbal testimony of Sgt. Ferraioli; The Confidential testimony of confidential witnesses; The fact that I found the confidential witness testimony credible and unsolicited; The confidential documentary evidence that was submitted."

44. Plaintiff was then sentenced by Olles to 90 days in SHU with 30 days suspended and loss of all privileges.

45. On May 17, 2020, plaintiff did file an administrative appeal to the DOCCS Commissioner in Albany, New York, which raises issues about substantial evidence test and the reliability of the "ghost" confidential informants, all of which goes to the heart of the procedural due process and bias unauthorized hearing officer's i.e. Olles' allowing false testimony and statements from Andino and Ferraioli.

46. On July 28, 2020, DOCCS Acting Commissioner through his designee D. Venettozzi did concede to the points of law and authority with

regard to the merits of plaintiff's claims on appeal and after the review of such claims acquiesces sub silencio reversing and annuling in full the disposition of Olles.

47. As required the plaintiff has exhausted his administrative remedies before presenting this matter to the court.

## FIRST CAUSE OF ACTION

### Fourth and Fourteenth Amendment Violations under 42 U.S.C. §§ 1983, 1985(3)

48. Plaintiff realleges and incorporates by reference each of the allegations contained within paragraphs 1 through 47.

49. Commencing on April 20, 2020, defendants, inclusive, and each of them, were acting "presumptively under the color of state law" when the defendants committed the unlawful actions or omissions, and doing so without proper reason, grounds or authority, and without reasonable or probable cause and with deliberate indifference to the plaintiff's procedural due process rights.

50. The described conduct of defendants further violates the civil rights of plaintiff, including violations of plaintiff's rights found within the Fourth and Fourteenth Amendments of the United States Constitution, and those under the New York law and Constitution.

51. As a direct result of defendants violations, and in accordance with 42 U.S.C. §§ 1983, 1985(3), plaintiff's civil rights have been violated, in that he has suffered, and will continue to suffer, damages, as described, as well as to incur attorney's fees, costs, and expenses in the underlying case and this matter is authorized by 42 U.S.C. § 1988, in an amount of $100,000.00 (USD),

or an amount to be ascertained, of which the proofs at trial reveals.

52. Defendants unlawful conduct as alleged was intentional, done with malice, group animus, recklessness and performed with a conscious disregard of the plaintiffs' person and procedural due process rights juris et de jure. Plaintiff is therefore entitled to recover compensatory and punitive damages from Defendants, inclusive, in an amount commensurate with the nature of Defendants wrongful and unconstitutional acts and omissions, and the amount of the Defendants' s wealth.

## SECOND CAUSE OF ACTION

Violations of State Civil Rights Brought Pursuant to the Court's Supplemental Jurisdiction Under 28 U.S.C. § 1367(a)

53. Plaintiff realleges and incorporates by reference each of the allegations contained within paragraphs 1 through 52.

54. Defendants, inclusive, are individuals who are presumptively acting under color of state law during the course of the incompetent investigation; unlawful seizure and apprehension, prosecution, and disposition rendered against plaintiff as described in an administrative setting with a "court-like" process.

55. As a result of the mentioned acts and omissions, conduct, policies and the strict departuere therefrom. Defendants, inclusive, as adopted and incorporated by the paragraphs previously set forth, Defendants, together did interfere with the exercise and enjoyment of plaintiff's person and procedural due process rights secured by the United State Constitution and other Federal laws, and the Constitution and laws of New York State, including, but not limited

to, plaintiff's right to be free from unlawful restraints and confinement without just and proper cause and those rights under N.Y. Const. Art. 1 § 12; Civil Rights Law § 79-c; Correction Law § 137(5), and other applicable state and federal statutes.

56. These violations of plaintiff's rights by defendants, and each of them, are guaranteed by N.Y. Const. Art. 1 §§§ 1, 6, 11, entitle plaintiff to the recovery of attorney's fees and costs pursuant to 42 U.S.C. § 1988, all of which is provided by the law and the Constitution of the State of New York are properly requested.

57. As a direct and proximate result of the mentioned conduct of defendants, and each of them, plaintiff has suffered and will continue to suffer great emotional and psychological distress, humiliation and mental anguish from the degrading treatment at the hands of the defendants, and each of them, the nature and amount of which will be shown according to proofs at trial.

58. Defendants Wolcott, Andino, Olles, Patti and Ferraioli engaged in the within mentioned outrageous, incompetent and unprivileged conduct, including, but not limited to, the deprivation of procedural due process with the institution of an incompetent investigation, followed with an unlawful seizure and detention, rendering a sham superintendent's hearing and disposition, and further unlawful confinement, but not limited to maliciously withholding inculpatory and exculpatory evidence, and by falsely and maliciously supplying bald, conclusory and unsubstatiated allegations and statements that plaintiff was guilty of the mentioned Inmate Rulebook rules.

59. Defendants Wolcott, Andino, Olles, Patti and Ferraioli did

knowingly and willfully act with malice and prejudice and with intent to harm plaintiff in a degrading manner and did so with a reckless disregard for plaintiff's rights. Therefore, plaintiff juris et de jure is entitled to an award of punitive damages against defendants Wolcott, Andino, Olles, Patti, and Ferraioli for the purpose of punishing these defendant and to deter them and others from such conduct in the future.

### THIRD CAUSE OF ACTION

### Unlawful Confinement

60. Plaintiff realleges and incorporates by reference each of the allegations contained within paragraphs 1 through 59.

61. Defendants Wolcott, Andino, Olles, Patti and Ferraioli's conduct resulted in the unlawful confinement of plaintiff.

62. Defendant Andino did lack the requisite reliable information to order the plaintiff without good and reasonable cause to terminate his phone call and wrongfully and without authority cause Ferraioli to have plaintiff pat-frisked, placed within mechanical restraints and towed to SHU, where plaintiff was unduly humiliated by being stripped-frisked as a SHU admission, and then causing the plaintiff to be unlawfully confined therein at (B-23 cell); defendant Wolcott was without authority of law to appoint Olles to conduct the Superintendent's hearing on her behalf; defendant Olles did lack authority to conduct the Superintendent's hearing and render any disposition ab initio at said hearing; defendant Patti did lack the authority to refuse a mandatory duty to provide plaintiff with assistance in the preparation of a defense of such unlawful hearing; defendants Andino and Ferraioli submitted false

testimony and false documentation at such hearing to cause the plaintiff to be further unlawfully confined to perform the 60-day SHU disposition; defendants Wolcott, Andino, Olles, Patti and Ferraioli colluded to confine plaintiff to (B-23) cell, and, intended to do the same.

63. Plaintiff was conscious of his unlawful confinement and undue restriction to the SHU cell in question.

64. By pleading "not guilty" and filing an administrative appeal and receiving a reversal and annulment of the unlawful disposition the plaintiff did not consent to defendant's confinement of his person to SHU.

65. The aforementioned confinement was not a privilege that the defendants enjoy.

66. Defendants Wolcott, Andino, Olles Patti and Ferraioli knew or should have known that the conduct engaged in would result in the unlawful confinement of plaintiff's person without reasonable cause or justification.

67. As a result of the unlawful confinement, defendants Wolcott, Andino, Olles, Patti, and Ferraioli did deprive plaintiff of the procedural due process rights available to him, plaintiff's personal property, the right to shower daily and a clean environment, the loss and deprivation of programs and inmate pay wages, and daily contact with plaintiff's family and loved ones, which resulted in substantial physical and severe emotional and mental suffering and loss of enjoyment of life in a general population setting, in which plaintiff has been damaged in the amount of $100,000.00 (USD).

## FOURTH CAUSE OF ACTION

### Prima Facie Tort

68. Plaintiff realleges and incorporates by reference each of the allegations contained within paragraphs 1 through 67.

69. Defendant Wolcott, Andino, Olles, Patti and Ferraioli conduct constitutes intentional and tortious deprivation of procedural due process rights and remedies available to plaintiff under DOCCS Directive# 4932 and Title 7 NYCRR Chapter V, Parts 250, 251, and 254, as the same are do and owing to plaintiff's person.

70. By reason of the defendants Wolcott, Andino, Olles, Patti and Ferraioli misconduct juris tantum, plaintiff sustained injuries, including, but not limited to, mental and physical pain and suffering, emotional distress, anxiety, and psychological damage, in the amount of $100,000.00 (USD), for which defendants are liable in their individual capacity(ies).

71. Based upon the foregoing plaintiff juris et de jure is entitled to recover damages from defendant Wolcott, Andino, Olles, Patti, and Ferraioli in the amount of $100,000.00 (USD), plus interest thereon, punitive damages, and the costs of this action, including attorney's fees.

WHEREFORE, Plaintiff requests judgment against the defendants Wolcott, Andino, Olles, Patti, and Ferraioli, as follows:

1. General nominal and compensatory damages in the amount of $75,000.00 (USD), for each cause of action;

2. Punitive damages in the amount of $100,000.00 (USD), for each cause of action;

3. Attorney's fees, costs and expenses as authorized by 42

U.S.C. § 1988 according to proofs at trial;

4. Costs and interest of the suit according to law:

5. Such other and further relief that the Court considers just and proper.

Declaration under Penalty of Perjury

I, Keith Wilson, the Plaintiff in the above entitled action, certify under the penalty of perjury that the above Amended Complaint is true and correct

Dated: 5/3/21 , 2021

_____
Keith Wilson: Plaintiff/Affiant
In propria persona

Keith Wilson - 14B1732

GROVELAND CORRECTIONAL FACILITY
PO Box 50, 7000 Sonyea Road
Sonyea, NY 14556

USDC-WDNY
MAY -6 2021
BUFFALO

20-cv-01416

Clerk, U.S District C
United States
Buffalo, NY 1420